IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARMON LUTHER TAYLOR, an American National and a Texas National, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-1634-L** |
| BARBARA HALE and BARBARA HALE, individually and as Judge, County Court at Law, et al., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants City of Huntsville and John Gaines' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed October 11, 2007; and Defendants Barbara Hale, David P. Weeks, and Walker County's Rule 12(b)(6) and Rule 12(b)(3) Motion to Dismiss. After careful consideration of the motions, responses, record and applicable authority, the court **grants** Defendants City of Huntsville and John Gaines' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); **grants** Defendants Barbara Hale, David P. Weeks, and Walker County's Rule 12(b)(6) Motion to Dismiss; and **denies as moot** Defendants Barbara Hale, David P. Weeks, and Walker County's Rule 12(b)(3) Motion to Dismiss.

### I. Procedural and Background

Harmon Luther Taylor ("Plaintiff") filed this action on September 25, 2007 against Barbara Hale, County Court at Law Judge for Walker County ("Judge Hale"); David P. Weeks, Walker County District Attorney ("DA Weeks"); Walker County; the City of Huntsville; City of Huntsville

Municipal Court Judge, John Gaines ("Judge Gaines"), and the State of Texas. Plaintiff's Original Complaint ("Complaint") is not a model of pellucid draftsmanship and, frankly, is quite confusing and often nonsensical from a legal perspective. From what the court can ascertain, Plaintiff challenges the validity of a citation issued to him for "no driver's license" and related court proceedings that occurred in the Municipal Court of the City of Huntsville and the County Court at Law of Walker County. He seeks injunctive relief, declaratory relief, a stay of the state criminal proceedings, and $10,000,000 in damages against Defendants for claims alleging malicious prosecution and violations of his constitutional rights.[1] The court now sets forth the facts as reflected by the Complaint and the exhibits that Plaintiff attached to it.

Plaintiff traveled from Dallas, Texas to Lake Jackson, Texas to visit his sister and her family. During his return trip to Dallas on January 24, 2007, while driving a motor vehicle within the corporate limits of Huntsville, Texas, Plaintiff was stopped for speeding. He was not issued a citation for speeding; however, he was cited for "no driver's license."

Plaintiff appeared for the "no driver's license" charge before the City of Huntsville Municipal Court on April 5, 2007. He refused to enter a plea, and the judge entered a plea of not guilty for him for driving without a driver's license. The complaint was filed in Huntsville Municipal Court on April 5, 2007, and charged Plaintiff with operating a motor vehicle upon a public street without having "a valid Texas driver's license as required by Texas Transportation Code Section 521.021." The case proceeded to trial on May 17, 2007, before Judge Gaines and a jury, and the jury found

---

[1] Plaintiff uses the term "non-constitutional" to describe certain acts of Defendants. The court is not going to play games with words and understands Plaintiff's Complaint to contend that certain actions of Defendants are allegedly *unconstitutional*; otherwise, he should not be in federal court. If he is not so contending, the court will readily dismiss this case for lack of subject matter jurisdiction because no federal question exists.

**Memorandum Opinion and Order – Page 2**

Plaintiff guilty of not having a driver's license while operating a motor vehicle on a public street. The jury assessed a fine of $100 against Plaintiff. Judge Gaines entered the jury's verdict and ordered Plaintiff to pay the fine of $100 and $65 in court costs for a total of $165.

Plaintiff posted an appeal bond for $335 in the County Court of Law of Walker County, Texas on May 17, 2007. The court does not know the disposition of this appeal, if any, because the parties have not updated the record with respect to the current status of the state court criminal proceedings regarding Plaintiff's appeal.

## II.     Motion to Dismiss - Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Analysis

#### A. Contentions of the Parties

##### 1. Plaintiff's Contentions

Plaintiff contends in this Complaint that: (1) he was not served with a "complaint" in accordance with article 45.018(b) of the Texas Code of Criminal Procedure prior to his first arraignment in the Municipal Court of Huntsville and that, therefore, his due process rights were violated when the case proceeded, and continue to be violated through the prosecution of his case in the Walker County Court at Law; (2) he should not be "compelled" to obtain a driver's license when he was not operating his motor vehicle for a "commercial" purpose; and (3) the purpose of the

criminal proceedings against Plaintiff is to compel him to obtain a driver's license, which forces him to associate politically or religiously with "those who claim to be 'citizens' of the State of Texas commercial system."

### 2. Defendants' Contentions

#### a. Judge Gaines and City of Huntsville

Judge Gaines and City of Huntsville contend that Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1863.[2] Defendants also contend that before Plaintiff can bring an action pursuant to section 1983, his conviction for driving without a driver's license must be invalidated. As a separate defense, Judge Gaines contends that judicial immunity bars this action against him. Finally, these Defendants contend that venue is improper in the Northern District of Texas and that this action should be heard in the Southern District of Texas. They request that the court dismiss this action or transfer it to the Southern District of Texas.

#### b. Judge Hale, DA Weeks, and Walker County

These Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted under *Bivens/Sosa* or 42 U.S.C. § 1983, for a "commercial claim," or for malicious prosecution. Judge Hale contends that Plaintiff's claim against her is barred by the doctrine of judicial immunity. Walker County and Judge Hale also contend that Plaintiff's claims against them for malicious prosecution and *Bivens/Sosa* violations are barred by estoppel. Finally, these Defendants contend that Plaintiff is not entitled to declaratory or injunctive relief.

---

[2] This is obviously an inadvertent mistake because the type of action Plaintiff has filed against state and local officials is one that is brought pursuant to 42 U.S.C. § 1983, and this is how the court will view Plaintiff's federal claims. Moreover, Defendants later cite the correct section of the statute.

**Memorandum Opinion and Order – Page 5**

### B. The Driver's License Saga

The primary statute that serves as the genesis of this action is section 521.021 of the Texas Transportation Code. This statute provides, "[a] person, other than a person expressly exempted under this chapter, may not operate a motor vehicle on a highway in this state unless the person holds a driver's license issued under this chapter." Tex. Transp. Code Ann. § 521.021 (Vernon 2007). A "highway or street" is defined as "the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular traffic." Tex. Transp. Code Ann. § 541.302(5) (Vernon 1999). Persons exempted from the license requirement include the following:

> (1) a person in the service of the state military forces or the United States while the person is operating an official motor vehicle in the scope of that service;
> (2) a person while the person is operating a road machine, farm tractor, or implement of husbandry on a highway, unless the vehicle is a commercial motor vehicle under Section 522.003;
> (3) a nonresident on active duty in the armed forces of the United States who holds a license issued by the person's state or Canadian province of residence; and
> (4) a person who is the spouse or dependent child of a nonresident exempt under Subdivision (3) and who holds a license issued by the person's state or Canadian province of residence.

Tex. Transp. Code Ann. § 521.027 (Vernon 2007). A person required to hold a license under section 521.021 must: "(1) have in the person's possession while operating a motor vehicle the class of driver's license appropriate for the type of vehicle operated; and (2) display the license on the demand of a magistrate, court officer, or peace officer." Tex. Transp. Code Ann. § 521.025 (Vernon Supp. 2007). Any person who violates this provision commits a misdemeanor offense and may be punished by a fine not to exceed $200, provided that it is the first conviction, or no other such conviction has occurred within a year. Based on the record before the court, Plaintiff's conviction

falls into this category, and he could only be punished by a fine not to exceed $200. Tex. Transp. Code Ann. § 521.025(c) (Vernon 2007).

## C. Failure to State a Claim

### 1. Plaintiff's Due Process Claim

Plaintiff's contention that he never received notice of a complaint prior to his arraignment on April 5, 2007, is without merit. Taylor simply misreads and misapplies the applicable law. The notice he received complied with due process and the applicable state statutes.

Article 45.018(b) of Texas Code of Criminal Procedure, which applies to justice and municipal courts, provides, "[a] defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint." Tex. Code Crim. Proc. Ann. art. 45.018(b) (Vernon 2006). Plaintiff apparently takes the position that the formal complaint was not provided to him on or before the day prior to his arraignment on April 5, 2007. This statute, however, must be read in conjunction with article 27.14(d), which provides in part:

> If written notice of an offense for which maximum possible punishment is by fine only or of a violation relating to the manner, time, and place of parking has been prepared, delivered, and filed with the court and a legible duplicate copy has been given to the defendant, the written notice serves as a complaint to which the defendant may plead "guilty," "not guilty," or "nolo contendere." If the defendant pleads "not guilty" to the offense, a complaint shall be filed that conforms to the requirements of Chapter 45 of this code, and that complaint serves as an original complaint.

Tex. Code Crim. Proc. Ann. art. 27.14(d) (Vernon 2006).

The record conclusively establishes that Plaintiff received proper notice of the charge against him. He was issued citation No. 213470, which fully apprised him of the traffic charge against him.

He signed the citation and was provided a copy, which informed him when he had to appear in Huntsville Municipal Court. As Plaintiff's offense was punishable by fine only, the citation he received on January 24, 2007, served as notice of the charge against him and fully complied with the "notice of complaint" provision. At the arraignment on April 5, 2007, Plaintiff refused to enter a plea, and the court entered a plea of "not guilty" on behalf of Plaintiff. Because a "not guilty" plea was entered, a formal complaint was filed on April 5, 2007, charging Plaintiff with a violation of section 521.021 of the Texas Transportation Code. The complaint complied with Chapter 45 of the Code of Criminal Procedure. A formal complaint is not required unless a defendant pleads "not guilty." That the court entered the plea for Plaintiff is of no moment. It is so well-settled in criminal jurisprudence that the court will enter a plea of "not guilty" when a defendant refuses to plead that this court will not even bother to cite any authority for this principle of law. For the reasons stated herein, Plaintiff properly received notice of the charge against him in the Huntsville Municipal Court, and no due process violation occurred. The court also concludes that Judge Gaines had jurisdiction to hear the offense for which Plaintiff was charged and prosecuted.

By appealing his conviction, Plaintiff necessarily invoked the jurisdiction of the Walker County Court at Law. The court agrees for the reasons expressed by the Walker County Defendants that no violations of due process have occurred in the Walker County Court at Law, which was presided over by Judge Hale, and that Judge Hale has jurisdiction to entertain Plaintiff's appeal of his conviction in the Huntsville Municipal Court.

### 2. Plaintiff's Commercial Activity and Travel Arguments

Plaintiff appears to contend that he cannot be required to obtain a driver's license because he was not operating a motor vehicle for a commercial purpose or activity. When Plaintiff was stopped

by the law enforcement officers, he contends that he was merely "traveling" and that the State of Texas has no authority to regulate "traveling." The State, according to Plaintiff, can regulate "commercial activity" through the requirement of a license but not "traveling." He contends that the term "operate" means and refers to someone engaging in commercial activity in the State. The gravamen of Plaintiff's argument is that because he was "traveling" and not engaging in a commercial activity, he did not "operate" a motor vehicle and was therefore not required to have a driver's license. Taylor offers no authority, legal or otherwise, for his definition. The court concludes that Plaintiff's argument is without merit.

The word "operate" means "to perform a function: exert power or influence." Merriam-Webster's Collegiate Dictionary 869 (11th ed. 2004). That Plaintiff can argue that he was not "operating" a motor vehicle but merely "traveling" strains credulity. Plaintiff was traveling, but he was also "operating" a vehicle; otherwise, this would mean that the vehicle "operated" itself and took a roundtrip from Dallas to Lake Jackson without any act performed by Plaintiff. "Operating," as the word is used in section 521.021, does not mean or refer to commercial activity.

To the extent that Plaintiff asserts that the license requirement interferes with his right to travel, such argument is without merit. Requiring one to obtain a license to operate a motor vehicle on a state's public highway is not an impermissible or undue burden on interstate travel. States have a compelling interest to ensure the safety and welfare of those persons traveling on its public roadways. Ensuring that one can safely operate a motor vehicle and is familiar with the traffic laws is a legitimate exercise of a state's police powers and presents no constitutional impediment to the right to interstate travel.

### 3. Political or Religious Affiliations with the "church of the State of Texas"

Plaintiff appears to allege that if he is required to comply with section 521.021, he is being compelled to affiliate politically or religiously with the "church of the State of Texas." To the extent Plaintiff attempts to invoke the protections of the First Amendment to the United States Constitution, such attempt fails. Section 521.021 does not infringe on one's political or religious beliefs, or right to associate. Section 521.021 is a neutral law to advance a compelling state interest and in no way favors or discriminates against any person because of his or her political or religious beliefs. This statute applies to all persons who operate a motor vehicle on a highway or street, except for those who are exempt under section 521.027. None of the exemptions is based on a person's political or religious beliefs, or with whom a person is affiliated or associated. To the extent Plaintiff attempts to allege a First Amendment claim, he fails to state a claim upon which relief can be granted.

### D. Judicial Immunity

Under the doctrine of judicial immunity, a judge is entitled to absolute immunity for his or her judicial or adjudicatory acts. *Forrester v. White*, 484 U.S. 219, 225-27 (1988); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly." *Mireles v. Waco*, 502 U.S. 9, 11, (1991) (quoting *Pierson v. Ray*, 386 U.S. at 554). Further, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedure errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). A judge is not entitled to judicial immunity *only* when (1) the action is "not taken in the judge's judicial capacity," or (2) the action is "taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12. In deciding whether a judge is entitled to judicial immunity a court relies on following four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citation omitted). State law applies the same test for judicial immunity. *See Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Hawkins v. Walvoord*, 25 S.W.3d 882, 890 (Tex. App. — El Paso 2000, pet. denied).

Plaintiff sued Judges Gaines and Hale simply because they presided over the respective prosecutions in municipal and county court. As the court has previously ruled, both had jurisdiction to preside over matters involving Plaintiff that were legally before them. The court has considered the four-part test to determine whether judicial immunity applies and concludes that both judges are entitled to judicial immunity. The judges did not act outside their judicial capacities and did not act in the complete absence of all jurisdiction. The judges simply did what judges are supposed to do, that is, preside over judicial matters coming before them.

### E. Malicious Prosecution

Under Texas law, a claim of malicious prosecution consists of seven elements: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." *Hart v. O'Brien*, 127 F.3d 424, 451 (5th Cir. 1997), *cert. denied*, 525 U.S. 1103 (1999) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997)). Plaintiff has not shown that he is innocent of the charges against him, that the prosecution has terminated in his favor, that no probable cause existed to prosecute him, or that any

Defendant acted with malice toward him in filing charges against him. The criminal matter is pending, and nothing has been provided to the court regarding the status of the state criminal proceedings against Plaintiff. Moreover, Plaintiff has acknowledged that he did not have a driver's license, and that one is not required because he was "traveling." That he maintains he was "traveling" rather than "driving" or "operating" a motor vehicle is a nonsensical distinction.

## IV. Miscellaneous

### A. *Bivens/Sosa* Claim

Plaintiff repeatedly references a *Bivens/Sosa* claim. A *Bivens* action is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). There are no federal officers who are parties to this action. No legal or factual basis exists for Plaintiff to assert a *Bivens* claim, and Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff also references a *Sosa* claim. This is apparently a reference to *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004). In *Sosa*, Humberto Alvarez-Machain ("Alvarez"), a Mexican national, was abducted from Mexico by a group of fellow Mexican nationals who had been hired by Drug Enforcement Agency ("DEA") agents to seize him and bring him to the United States to stand trial for the murder of a DEA agent. After his acquittal, Alvarez sued the United States for false arrest under the Federal Tort Claims Act and sued Sosa, a member of the group that seized him, for violating the law of nations under the Alien Tort Statute. As with *Bivens*, the court fails to see the relevance of *Sosa* to Plaintiff's claim. Plaintiff was not kidnapped and taken to a foreign country by

federal agents or someone acting on their behalf. *Sosa* has no relevance to the matters of which Plaintiff complains regarding this action.

B. **Conspiracy Claim**

Plaintiff also loosely refers to an alleged conspiracy among some Defendants. "A conspiracy claim may be charged under section 1983 as the legal mechanism through which to impose liability . . . but a conspiracy claim is not actionable without an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (internal quotation marks and citation omitted). As there is no underlying constitutional violation, Plaintiff's conspiracy claim fails as a matter of law.

C. **Liability of the City of Huntsville and Walker County**

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The court has held that Plaintiff has failed to state a claim upon which relief can be granted with respect to the individual Defendants. Since Taylor has failed to state a constitutional claim upon which relief can be granted, he has suffered no constitutional injury. Accordingly, even if Plaintiff were to adequately set forth an unconstitutional policy or custom, his claim fails as a matter of law because the court has found that there is no underlying constitutional violation. When there is no underlying constitutional violation, the policy or custom is irrelevant or "quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392-93 (5th Cir. 1999). If a person suffers no constitutional injury at the hands of governmental employees or officers, the allegedly unconstitutional policy or custom could not have been the cause of the harm

to that person. For this reason, the City of Huntsville and Walker County are entitled to dismissal of Plaintiff's claims against them.

### D. Alternative Grounds for Dismissal

All Defendants have made arguments to dismiss on grounds not addressed by the court. In light of its ruling herein, the court finds it unnecessary to address the alternative arguments raised by Defendants.

### E. Status of Service on State of Texas

The docket does not reflect that the State of Texas has been served. The State will be the only Defendant remaining. Plaintiff is to effect service on the State by **October 31, 2008**, or inform the court in writing whether he intends to maintain this action against the State. If service is not effected within the time allowed by the court, or if good cause is not shown for the failure to effect service on the State, the court **will dismiss this action without prejudice** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and proceed to enter final judgment as to the remaining Defendants. Plaintiff is strongly admonished to read and adhere to Rule 11 of the Federal Rules of Civil Procedure to avoid the possible imposition of sanctions. If there is a violation of Rule 11, the court will impose appropriate sanctions.

## V. Conclusion

For the reasons herein stated, Plaintiff has failed to state a claim upon which relief can be granted against any Defendant. Accordingly the court **grants** Defendants City of Huntsville and John Gaines' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); **grants** Defendants Barbara Hale, David P. Weeks, and Walker County's Rule 12(b)(6) Motion to Dismiss; and **denies as moot** Defendants Barbara Hale, David P. Weeks, and Walker County's Rule 12(b)(3) Motion to

Dismiss. The court **dismisses with prejudice** all claims against Judge Gaines, DA Weeks and Judge Hale in their individual and official capacities. The court also **dismisses with prejudice** all claims against Defendants City of Huntsville and Walker County.

    **It is so ordered** this 30th day of September, 2008.

                                                Sam A. Lindsay
                                                United States District Judge