IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HARMON LUTHER TAYLOR,** § | | |
| **an American National and a Texas** § | | |
| **National,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:07-CV-1634-L** | |
| § | | |
| **STATE OF TEXAS,** § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is the State of Texas' Motion to Dismiss, filed August 12, 2009. After careful consideration of the motion, response, record, and applicable authority, the court **grants** the State of Texas' Motion to Dismiss.

**I.   Background**

The court set forth the factual background to this case in its Memorandum Opinion and Order dated September 30, 2008, and will repeat only what is necessary for purposes of this opinion; however, all findings and conclusions in that opinion are incorporated herein as if repeated verbatim. Harmon Luther Taylor ("Plaintiff" or "Taylor") filed this action against officials of Walker County, Texas; officials of the City of Huntsville, Texas; and the State of Texas (the "State"). All parties have been dismissed by a previous ruling of the court, except the State. This lawsuit finds its genesis in a citation issued to Plaintiff on January 24, 2007, for "no driver's license." Plaintiff challenges the validity of the citations and related court proceedings that occurred in the Municipal Court of the City of Huntsville and the County Court at Law of Walker County as being unconstitutional in several respects. Plaintiff seeks monetary damages, injunctive and declaratory relief, and a stay of

**Memorandum Opinion and Order - Page 1**

the State criminal proceedings against him. The State has moved to dismiss pursuant to Rules 12(b)(1) and (6), and 12(h).

## II.     Analysis

The State contends that the Eleventh Amendment to the United States Constitution jurisdictionally bars a claim against it and its agencies and cites, in support of this proposition, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (Eleventh Amendment jurisdictionally bars suits against a state and their agencies unless the state waives immunity or Congress, pursuant to section five of the Fourteenth Amendment, intentionally abrogates immunity.); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56-58 (1996); *Texas v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998). The Eleventh Amendment, however, does not bar a federal court from issuing prospective injunctive relief against a state official to prevent a continuing violation of federal law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984); *AT&T Comms. v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 644 (5th Cir. 2001). In this case, however, only the State itself is a defendant. Plaintiff did not sue a state official, and therefore there is no basis to enjoin any state official's future conduct. None of the exceptions regarding the Eleventh Amendment is present. Accordingly, the action is jurisdictionally barred pursuant to the Eleventh Amendment.

## III.    Conclusion

For the reasons stated herein, the court does not have jurisdiction to hear this case against the State. Accordingly, the court **grants** the State of Texas' Motion to Dismiss and **dismisses** this action **without prejudice** against the State. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment by separate document.

**It is so ordered** this 30th day of September, 2009.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 3**